UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL ANTHONY PEACE,

                Plaintiff,

v.                                          Case No. 14-cv-1416-pp

WARDEN PAUL KEMPER, *et al.*,

                Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND MOTION TO AMEND JUDGMENT (DKT. NO. 71) AND DENYING PLAINTIFF'S MOTION FOR STIPULATION (DKT. NO. 72)**

---

On September 30, 2016, the court entered an order granting the defendants' motion to dismiss the plaintiff's retaliation claim, and granting the defendants' motion for summary judgment (arguing that he did not exhaust his claims with regard to his Eighth and Fourteenth amendment claims regarding staff members spreading information about a sexual assault the plaintiff reported). Dkt. No. 69. Three days later, the court entered judgment, dismissing the case. Dkt. No. 70. Since then, the plaintiff has filed a motion to set aside judgment and motion to amend judgment, dkt. no. 71, as well as a motion for a stipulation, dkt. no. 72.

The plaintiff brings his motion to set aside judgment and motion to amend judgment under both Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. No. 71 at 1. He does not challenge the court's dismissal of his retaliation claim. Rather, he argues that, as to the court's conclusion that he did not

1

exhaust his administrative remedies, he followed all the administrative remedies that were available to him. Id. He says that his declaration in support of an amended complaint mapped out how the Department of Corrections' administrative procedures "are not allowing" him to fully exhaust his administrative remedies," id., an argument he makes for the first time since he filed this case two and a half years ago. The plaintiff also filed a declaration describing various events that took place in 2015 and 2016—*after* he filed his complaint. Dkt. No. 73 at 4.

The substance of a motion, not the timing or its title, determines whether a court should analyze the motion under Rule 59(e) or 60(b). Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citing Borrero v. City of Chicago, 456 F.3d 698, 701-02 (7th Cir. 2006)).

Rule 59(e) allows the court to alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Id. at 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "Manifest errors are errors so obvious that no additional explanation is needed or possible." Burney v. Thorn Americas, Inc., 970 F. Supp. 668, 671 (E.D. Wis. 1997). A party seeking to alter or amend the judgment under Rule 59(e) must file his motion no later than twenty-eight days after the court enters judgment. The

plaintiff filed this motion three days after the court entered judgment, so it is timely under Rule 59(e).

Rule 60(b) allows the court to vacate a judgment for several reasons including mistake, excusable neglect, newly discovered evidence, and fraud. See Fed. R. Civ. P. 60(b). The court must balance the competing policies of deciding a case on its merits with the desire to achieve finality in litigation, i.e., res judicata. See Wright, Miller & Kane, Federal Practice and Procedure § 2857 (1995). Relief under 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005). A party must file a Rule 60(b) motion "within a reasonable time," but within a year after entry of judgment. Again, the plaintiff's motion is timely under Rule 60(b).

Under either rule, the plaintiff's motion for reconsideration fails. His brief motion does not identify any manifest error of law that the court has committed, and he did not present any newly discovered evidence that would undermine the court's conclusion that he failed to exhaust his administrative remedies before filing this case. Nor has he identified any evidence of mistake, excusable neglect, newly discovered evidence or fraud.

Rather, the plaintiff's ten-page declaration and twenty-six pages of attachments appear designed to convince the court that he has been trying to exhaust his remedies throughout the pendency of this case. See Dkt. No. 73. He appears to assert that into 2016 and 2016—the two years following the date he filed his complaint—he continued to try to exhaust his remedies. While it is

not clear, it appears that perhaps the plaintiff thought he could not exhaust his remedies because certain documents in his case were confidential.

A plaintiff must exhaust his remedies *before* filing suit. 42 U.S.C. §1997e(a); Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002). By asking the court to take into account actions he took to exhaust in 2015 and 2016, *after* he filed this lawsuit in 2014, he essentially admits that he had not fully exhausted those remedies before he filed his complaint in this case. If the plaintiff believes that he now has fully exhausted claims, he may file a new complaint, and pursue those now-exhausted claims in a new case. He may not pursue those post-complaint claims in this closed case.[1]

Because the plaintiff has not met either the Rule 59(e) or Rule 60(b) standard, the court will deny his motion to set aside the judgment and amend his complaint.

The court now turns to the plaintiff's Motion for Stipulation. Dkt. No. 72. In this motion, the plaintiff asks that any mention of his sexual assault in any ruling stored on any database "be stipulated to "assault like crime" and that any mention of a rape kit be referred to as "medical testing." Id. The plaintiff references an earlier motion for preliminary injunction and temporary restraining order he filed, and suggests that those documents support his motion. The defendants did not respond to this motion, but the court will deny

---

[1] In the event that the plaintiff decides to file a new case, the court reminds the plaintiff that prisoners who file §1983 cases against government officials when representing themselves must use the court's form complaint. See Civil L.R. 9(b) (E.D. Wis.).

it. The plaintiff presents no justification for the court to edit its orders or documents filed by the parties. If the plaintiff had a basis for asking the court or opposing counsel to avoid using certain language, he should have made that request long ago.

The court **DENIES** the plaintiff's Motion to Set Aside Judgment and Motion to Amend Judgment. Dkt. No. 71. The court also **DENIES** the plaintiff's motion for stipulation. Dkt. No. 72.

Dated in Milwaukee, Wisconsin this 30th day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge